UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ELIZABETH DOMINGUEZ,<br><br>             Plaintiff,<br>vs.<br><br>ARIA RESORT & CASINO LAS VEGAS,<br><br>             Defendant. | Case No.: 2:15-cv-01437-GMN-GWF<br><br>**ORDER** |

Pending before the Court is the Motion for Leave to Amend the Complaint, (ECF No. 13), filed by *pro se* Plaintiff Elizabeth Dominguez ("Plaintiff").[1] Defendant Aria Resort & Casino, LLC ("Defendant") filed a Response, (ECF No. 15). Plaintiff did not file a reply. For the reasons discussed below, Plaintiff's Motion is **DENIED**.

**I.   BACKGROUND**

This case arises out of Defendant's termination of Plaintiff's employment. (*See* Compl. 1:11–12, ECF No. 5). On February 17, 2016, Plaintiff filed her Complaint in this Court where she alleges that the Court's jurisdiction is based on diversity because "Plaintiff [sic] [c]itizen of [t]his [s]tate and Defendant is [p]rincipal [p]lace of [b]usiness in [t]his [s]tate." (*Id.* 1:10). On May 4, 2016, Plaintiff filed the instant Motion where she seeks leave to file an amended complaint, but again fails to sufficiently allege diversity jurisdiction. (*See* Am. Compl. 1:19–22, ECF No. 13-1).

**II.   LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(1) provides for dismissal of an action for lack of subject matter jurisdiction. "A party invoking the federal court's jurisdiction has the burden of

---

[1] In light of Plaintiff's status as a *pro se* litigant, the Court has liberally construed her filings, holding them to standards less stringent than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

proving the actual existence of subject matter jurisdiction." *Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir. 1996). A motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) may take one of two forms. *Thornhill Publ'g Co. v. General Tel. & Elec. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979). It may be a "facial" challenge or it may be a "factual" challenge. *Id.* "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

Alternatively, "[a] factual challenge relies on affidavits or any other evidence properly before the court to contest the truth of the complaint's allegations." *Courthouse News Serv. v. Planet*, 750 F.3d 776, 780 (9th Cir. 2014). When a factual challenge is asserted, the Court need not presume the truthfulness of the allegations in the complaint. *See Meyer*, 373 F.3d at 1039; *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). "Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1040 (9th Cir. 2003).

"District courts have jurisdiction in civil actions where there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs." *See Crum v. Circus Circus Enterprises*, 231 F.3d 1129, 1131 (9th Cir. 2000) (citing 28 U.S.C. § 1332(a)). "To justify dismissal, it must appear to a legal certainty that the claim is really for less than the jurisdictional amount." *Budget Rent-A-Car, Inc. v. Higashiguchi*, 109 F.3d 1471, 1473 (9th Cir. 1997) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)).

### III. **DISCUSSION**

On November 21, 2016, the Court entered a Minute Order requiring Plaintiff to show that complete diversity is satisfied. (*See* Min. Order, ECF No. 23). Plaintiff failed to respond. Moreover, it is Plaintiff's burden to establish diversity jurisdiction. *See Thompson*, 99 F.3d at 353. As an LLC, Defendant's citizenship is the same as each of its members and owners. *See Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (holding that "like a partnership, an LLC is a citizen of every state of which its owners/members are citizens"). Plaintiff has not shown diversity jurisdiction in this case. Plaintiff has not presented evidence that identifies Defendant's members and owners, and their respective citizenship. Thus, Defendant's citizenship for purposes of diversity jurisdiction is unknown. Accordingly, because there is insufficient evidence of Defendant's citizenship, and there is no federal question in this case, the Court dismisses Plaintiff's claims for lack of subject matter jurisdiction.

### IV. **CONCLUSION**

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to Amend the Complaint, (ECF No. 13), is **DENIED without prejudice**. Plaintiff shall have fourteen days from the filing of this Order to file her Second Amended Complaint curing the jurisdictional defects.

**IT IS FURTHER ORDERED** that the pending Motion to Dismiss, (ECF No. 9), and Motion for Summary Judgment, (ECF No. 21), are **DENIED without prejudice** as moot.

**DATED** this __22__ day of December, 2016.

_____
Gloria M. Navarro, Chief Judge
United States District Judge